IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| TACONMADRE TAQUERIAS, INC. | |
| Plaintiff, | |
| vs. | Case No. 5:16-cv-00071 |
| TACO N' MADRE, INC. | Jury Demand |
| Defendant. | |

**PLAINTIFF TACONMADRE TAQUERIAS, INC.'S
FIRST AMENDED COMPLAINT**

Plaintiff Taconmadre Taquerias, Inc. ("Plaintiff") brings this action against Defendant Taco N' Madre, Inc. ("Defendant") and alleges:

**NATURE OF THE ACTION**

1. Plaintiff owns the mark TACONMADRE ("Plaintiff's Mark"), as well as the domain name www.taconmadre.com. Plaintiff's Mark is a federally registered mark as shown by Exhibit 1. Plaintiff provides restaurant and carryout food services in Houston, Texas, and uses the name TACONMADRE for all restaurant and carryout food services. These particular restaurant and carryout food services have been provided under Plaintiff's Mark, TACONMADRE, since at least as early as March 2005, and over the years the mark TACONMADRE has acquired secondary meaning. Plaintiff's website provides basic information regarding restaurant and carryout locations, the rates, food menus, and catering services, among other things. A substantial number of Plaintiff's customers frequent Plaintiff's multiple locations, and many of these customers travel to various parts of Texas as well as other states.

1

2. Defendant competes with Plaintiff. Defendant provides restaurant and carryout food services out of Laredo, Texas. Defendant's website domain name is www.tacon-madre.com, and its website also provides basic information about Defendant's restaurant and carryout locations, the rates, food menus, and catering services, among other things.

3. On September 15, 2014, Defendant purchased the website domain name: www.tacon-madre.com. The person listed as registering this domain name is Tanis Zamora. He gave his email address as taniszamora@hotmail.com and his physical address as 615 E. Lane St., Laredo, Texas 78040. Tanis Zamora is an administrator of Defendant, and held this position at the time Defendant purchased the domain name www.tacon-madre.com. It is readily apparent that this additional website simply adds a "-" to hyphenate TACONMADRE. Otherwise, Plaintiff's domain name and Defendant's domain name are identical.

4. Defendant has also been using the term "Taco N' Madre" with Defendant's services, such term has the identical lettering as Plaintiff's mark and is a copycat mark. Such term "Taco N' Madre" has and is used by Defendant with Defendant's services on Defendant's website and at Defendant's locations.

## THE PARTIES

5. Plaintiff Taconmadre Taquerias, Inc. is a Texas corporation having its place of business at 905 Edgebrook Dr., Houston, Texas 77034-1925.

6. Defendant Taco N' Madre, Inc. is a Texas corporation organized and existing under the laws of the State of Texas and has an office at 315 Calle Del Norte STE 201, Laredo, Texas 78041-5961. Defendant may be served with process through its registered agent, Gilberto Lopez, at 315 Calle Del Norte STE 201, Laredo, Texas 78041-5961 or wherever he may be found.

**JURISDICTION AND VENUE**

7. This action alleges violations of federal law, including trademark infringement, unfair competition, and cyberpiracy, all under the Federal Lanham Act, Title 15 U.S.C. § 1051 *et seq*. ("Lanham Act"). Accordingly, this Court has original subject matter jurisdiction over the federal law claims under the Lanham Act, 28 U.S.C. § 1338 (federal question over trademarks and unfair competition), and 28 U.S.C. § 1331 (federal question). Defendant has used, and may continue to use, the infringing domain name www.tacon-madre.com and term "Taco N' Madre" in interstate commerce, and on information and belief, Defendant's use of the infringing domain name and term has substantially affected interstate business and had a substantial economic effect upon the interstate business of Plaintiff.

8. This action also alleges violations of Texas state law, namely, common law trademark infringement and unfair competition. The Texas state law claims share a common nucleus of operative facts with the federal law claims. Accordingly, this Court has supplemental subject matter jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

9. The Court has personal jurisdiction over Defendant. Defendant has engaged in "doing business" in Texas and in this Judicial District. Defendant's principal place of business is located in this Judicial District.

10. Venue is proper in this Court under 28 U.S.C. 1391. Defendant resides in this Judicial District. Further, a substantial part of the events or omissions giving rise to the claims described below occurred in this Judicial District and a substantial part of the property that is the subject of the action is situated in this Judicial District. Additionally, Defendant may be found in this Judicial District.

## COUNT ONE:
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT

11. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 10 as if set forth fully herein.

12. Plaintiff owns all rights, title, and interest in and to the mark TACONMADRE on and in connection with the services of Plaintiff under federal and state laws.

13. Plaintiff's Mark is eligible for protection under at least the federal Lanham Act and Texas common law, is distinctive, has acquired secondary meaning and is incontestable.

14. Plaintiff began using the mark TACONMADRE in Texas well before Defendant began using the infringing domain name, www.tacon-madre.com, and infringing term "Taco N' Madre" with respect to Defendant's services. Further, a substantial number of Plaintiff's customers review Plaintiff's website for upcoming events, new menu items, and requesting catering from Plaintiff, and many of these customers travel to various parts of Texas as well as other states. On information and belief, Defendant's infringing use of the domain name www.tacon-madre.com and infringing term "Taco N' Madre" has had a substantial economic effect upon the interstate business of Plaintiff.

15. Plaintiff and Defendant are not in geographically separate markets, and Plaintiff's Mark has an established reputation in the Laredo, Texas area. A likelihood of confusion between Plaintiff's Mark and Defendant's copycat mark currently exists. Although there is already a likelihood of confusion, there is now a likelihood of entry by Plaintiff into Laredo. Plaintiff is making concrete, impending plans to establish one or more restaurant locations in Laredo. These plans currently include investigation of sites for the one or more restaurants. Further, Plaintiff has contacted the City of Laredo regarding permits for the one or more restaurants. Plaintiff's

plans also include advertising on Plaintiff's website and other social media as well as plans to advertise its new locations in Laredo in the *Laredo Morning Times*.





5

Further, at least one more instance of actual confusion has occurred. An individual who Plaintiff has known and done business with for years called Plaintiff asking about Plaintiff's new Laredo restaurants, which were actually Defendant's restaurants. This individual believed that Defendant's restaurants belonged to Plaintiff given that Defendant was using the same name as Plaintiff. The individual was confused and upset that Plaintiff had opened restaurants in Laredo and had not contacted him about use of his services on these new locations. This individual was surprised to learn that the TACO N' MADRE restaurants in Laredo were owned by Defendant and not Plaintiff.

16. Defendant has taken actions that are not authorized by Plaintiff and are damaging to Plaintiff's trademark rights and goodwill. Such actions include, but may not be limited to, Defendant's infringing use of the domain name www.tacon-madre.com and the infringing term "Taco N' Madre," which are merely copycat marks.

17. By using the copycat mark and infringing domain name, Defendant has created a likelihood of confusion among relevant consumers regarding source, sponsorship, and/or affiliation.

18. Defendant's actions complained of above constitute infringement of Plaintiff's Mark and unfair competition under 15 U.S.C. § 1125(a).

19. Defendant selected and began using the copycat mark and infringing domain name with full knowledge of Plaintiff's Mark and how Plaintiffs were using Plaintiff's Mark, and Defendant continued using the copycat mark and infringing domain name with that knowledge. Defendant has willfully and deliberately traded on the goodwill created by Plaintiff and has adopted and been using the copycat mark and infringing domain name in bad faith and with an intent to profit from Plaintiff's Mark.

20. Defendant has been unjustly enriched by its infringement.

21. Plaintiff is entitled to recovery of Defendant's profits, all damages sustained by Plaintiff, Plaintiff's costs, and Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1117(a).

22. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

### COUNT TWO: CYBERPIRACY

23. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 22 as if set forth fully herein.

24. The domain name www.tacon-madre.com is confusingly similar to Plaintiff's Mark, TACONMADRE, and to Plaintiff's domain name, www.taconmadre.com.

25. Defendant registered, used, and may continue to use the infringing domain name, www.tacon-madre.com, with the bad faith intent of causing harm to Plaintiff and Plaintiff's brand and profiting unlawfully from Plaintiff's Mark, TACONMADRE, by using Plaintiff's Mark to call attention to and promote Defendant's competing business.

26. Defendant registered, used, and may continue to use the infringing domain name, www.tacon-madre.com, with the intent to divert customers from Plaintiff's website to Defendant's website. Further, these actions by Defendant have been done with the bad faith intent to harm Plaintiff's goodwill and to profit from Plaintiff's Mark, TACONMADRE, by creating a likelihood of confusion as to source, sponsorship, affiliation, and/or endorsement of Defendant's website.

27. Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

28. Defendant's unauthorized registration and use of the infringing domain name, www.tacon-madre.com, has caused and unless enjoined, will continue to cause, irreparable

injury to Plaintiff and to the goodwill associated with Plaintiff's Mark, TACONMADRE, and Plaintiff's domain name, www.taconmadre.com.

29. Because Defendant's infringing conduct has caused and is likely to cause substantial injury to the public and to Plaintiff, Plaintiff is entitled to recover Defendant's profits, all damages sustained by Plaintiff, Plaintiff's costs, and Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1117(a). Alternatively, if so elected, Plaintiff shall be entitled to an award of statutory damages pursuant to 15 U.S.C. § 1117(d) of up to $100,000.

30. Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116 including ordering Defendant to instruct the registrar of the domain name www.tacon-madre.com to transfer the registration for the domain name to Plaintiff.

### COUNT THREE: TRADEMARK INFRINGEMENT COMMON LAW

31. Plaintiff repeats and incorporated by reference the allegations contained in Paragraphs 1 through 30 as if set forth fully herein.

32. Plaintiff is the exclusive owner of the mark, TACONMADRE. In order to lure and confuse customers away from Plaintiff's services, Defendant chose to use a domain name and copycat mark confusingly similar to Plaintiff's Mark in connection with services identical to Plaintiff's services, which identical services Defendant attempted to sell in competition with Plaintiff.

33. There is a likelihood of confusion as to the source of the services sold under Plaintiff's mark TACONMADRE and those being offered by Defendant using Plaintiff's mark or words substantially similar thereto.

34. As a result or proximate result of Defendant's deliberate and intentional trademark infringement, Plaintiff has suffered and will continue to suffer damages.

8

### COUNT FOUR: UNFAIR COMPETITION

35. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 34 as if set forth fully herein.

36. Plaintiff's Mark is distinctive and/or has acquired secondary meaning through usage in Texas in connection with Plaintiff's services, and Plaintiff is the senior user of Plaintiff's Mark. Defendant's acts complained of above constitute unfair competition under the Texas common law. For example, Defendant's use of the copycat mark and infringing domain name are likely to confuse the relevant public. Deception will naturally and probably result from such uses. This conduct by Defendant constitutes unfair competition under Texas common law.

37. As a result of Defendant's acts of unfair competition, Plaintiff has suffered and continues to suffer damages, and Plaintiff is entitled to recover compensation for Plaintiff's own damages caused by Defendant's unfair competition.

38. Defendant's acts of unfair competition have been deliberate, willful, reckless, and malicious, entitling Plaintiff to recover enhanced damages and attorney's fees.

39. A temporary, preliminary, and permanent injunction should be entered to prevent future actions of unfair competition under Texas common law by Defendant.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That Defendant, its partners, agents, employees, and all persons in active concert or participation with Defendant, be permanently enjoined and restrained from:

    a. using Plaintiff's mark TACONMADRE, the infringing term "Taco N' Madre," the infringing domain name www.tacon-madre.com, and any other trademark, company name, or domain name that is confusingly similar to Plaintiff's Mark;

    b. engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, or to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's website, Defendant's use of the term "Taco N' Madre" or other activities with or by Plaintiff;

    c. otherwise infringing upon Plaintiff's Mark or unfairly competing with Plaintiff in any manner whatsoever; and

    d. impersonating Plaintiff or any of its affiliates or representatives.

2. That an accounting be ordered and judgment be rendered against Defendant for all profits received from their actions utilizing Plaintiff's mark TACONMADRE, the infringing term "Taco N' Madre" the infringing domain name www.tacon-madre.com, and any confusingly similar imitations of Plaintiff's Mark.

3. That Plaintiff recover Plaintiff's actual damages.

4. That the award of actual damages from Defendant's infringement, unfair competition, and cyberpiracy be trebled.

5. That Plaintiff recover statutory damages in the amount of $100,000 under 15 U.S.C. § 1117(d) for the infringing domain name www.tacon-madre.com.

6. That Defendant be directed to file with the Court and serve on Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

7.      That Defendant be ordered to convey any and all rights to the domain name www.tacon-madre.com to Plaintiff.

8.      That Plaintiff be awarded their costs in connection with this suit, including reasonable attorney's fees and expenses.

9.      That Plaintiff have such other and further relief as the Court may deem just and proper.

                                                                             Respectfully submitted,

Dated: September 30, 2016                        /s/ Eric M. Adams
                                                                             Eric M. Adams
                                                                             Attorney-in-Charge
Texas Bar No. 24031686
S.D. Tex. 30371
eric@elliottiplaw.com
THE ELLIOTT LAW FIRM, PLLC
6750 West Loop South, Suite 995
Bellaire, Texas 77401
(832) 485-3510
(832) 485-3511 fax

Of Counsel:

Tod T. Tumey
Texas Bar No. 24013659
S.D. Tex. 27403
ttumey@tumeyllp.com
John Ross Flynt
Texas Bar No. 24087526
S.D. Tex. 2847364
rflynt@tumeyllp.com
Tumey L.L.P.
7500 San Felipe, Suite 440
Houston, Texas 77063
(713) 622-7005
(713) 622-0220 fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of September, 2016 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          /s/ Eric M. Adams
                                          Eric M. Adams